**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION**

| | |
|---|---|
| WHIRLPOOL CORPORATION, | Case No. _____ |
| Plaintiff, | |
| v. | **COMPLAINT** |
| BROAN-NUTONE LLC, | |
| Defendant. | **JURY TRIAL DEMANDED** |

Plaintiff Whirlpool Corporation ("Whirlpool"), by and through its undersigned counsel, alleges as follows:

## INTRODUCTION

1.      This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. § 1, et seq., including 35 U.S.C. § 271.  Whirlpool seeks monetary damages, enhanced damages (including treble damages), attorneys' fees, costs, and permanent injunctive relief preventing continuing acts of infringement of Defendant Broan-Nutone LLC ("Broan").

2.      Whirlpool is a leading global appliance manufacturer, making and selling home appliances and accessories under a variety of well-recognized brand names.

3.      For more than 110 years, Whirlpool has consistently invested in innovation and product development to meet the current and future needs of consumers of home appliances. For just one example, in 2025 Whirlpool was named one of "America's Most Innovative Companies" by *Fortune* for the third straight year.

4.      Among many of Whirlpool's innovations are systems and methods for mounting undercabinet ventilation hoods, as identified in U.S. Patent No. 9,523,507 (the '507 Patent), U.S.

1

Patent No. 10,317,093 (the '093 Patent), and U.S. Patent No. 10,948,200 (the '200 Patent) (collectively, the "Asserted Patents").

4.　　The inventions claimed in the Asserted Patents allow for a single user to readily install a ventilation hood over a cooking appliance through the use of a simplified and efficient installation system.

5.　　Broan has infringed one or more claims of the Asserted Patents, including through the sale and/or offering for sale of an "EZ1 Installation System" for ventilation hoods.

6.　　Whirlpool asserts the claims identified in this Complaint to obtain redress for Broan's infringement of Whirlpool's patent rights.

## THE PARTIES

7.　　Plaintiff Whirlpool Corporation is a corporation organized and existing under the laws of the state of Delaware with a principal place of business at 2000 North M-63, Benton Harbor, Michigan. Whirlpool Corporation owns the Asserted Patents.

8.　　Defendant Broan is a corporation organized and existing under the laws of Wisconsin. Broan's principal place of business is 926 W. State Street, Hartford, WI 53027.

## JURISDICTION AND VENUE

9.　　The Court has subject matter jurisdiction by virtue of the fact that this is a civil action under the Patent Act, 35 U.S.C. § 1 et seq. Jurisdiction is thus conferred over this Complaint in accordance with 28 U.S.C. §§ 1331 and 1338.

10.　　Broan's infringement of the Asserted Patents has occurred and is occurring within the State of Wisconsin, including within this judicial district.

11. The Court has personal jurisdiction over Broan because it is a Wisconsin company, with its principal place of business in Wisconsin, and therefore, has continuous and systematic contacts with the State of Wisconsin.

12. Venue is proper in this district pursuant to 28 U.S.C. § 1400(b) because Broan is a Wisconsin company, and resides in the State of Wisconsin and in this judicial district. Broan has a regular and established business in this district and a substantial part of the events giving rise to the claims occurred in this district.

## THE ASSERTED PATENTS

13. On December 20, 2016, the USPTO issued the '507 Patent, titled "Method for Mounting Undercabinet Ventilation Hood." A copy of the '507 Patent is attached hereto as Exhibit 1.

14. Zachary Jan Bruin-Slot and Andrew James Grose are the named inventors of the '507 Patent.

15. Messrs. Bruin-Slot and Grose assigned their interests in the '507 Patent to Whirlpool.

16. Whirlpool has not authorized Broan to make, use, sell or offer to sell, import into the United States, or otherwise practice any invention claimed in the '507 Patent.

17. On June 11, 2019, the USPTO issued the '093 Patent, titled "System for Mounting Undercabinet Ventilation Hood." A copy of the '093 Patent is attached hereto as Exhibit 2.

18. Zachary Jan Bruin-Slot and Andrew James Grose are the named inventors of the '093 Patent.

19. Messrs. Bruin-Slot and Grose assigned their interests in the '093 Patent to Whirlpool.

3

20.     Whirlpool has not authorized Broan to make, use, sell or offer to sell, import into the United States, or otherwise practice any invention claimed in the '093 Patent.

21.     On March 16, 2021, the USPTO issued the '200 Patent, titled "System for Mounting Undercabinet Ventilation Hood." A copy of the '200 Patent is attached hereto as Exhibit 3.

22.     Zachary Jan Bruin-Slot and Andrew James Grose are the named inventors of the '200 Patent.

19.     Messrs. Bruin-Slot and Grose assigned their interests in the '200 Patent to Whirlpool.

20.     Whirlpool has not authorized Broan to make, use, sell or offer to sell, import into the United States, or otherwise practice any invention claimed in the '200 Patent.

**BROAN'S INFRINGEMENT OF THE ASSERTED PATENTS**

21.     Broan is a manufacturer of residential ventilation products, including undercabinet ventilation hoods.

22.     Broan sells installation systems for undercabinet ventilation hoods under the "EZ1" brand (the "Accused Product"), which include both mounting brackets and ventilation hoods designed to interface with the mounting brackets.

23.     The mounting brackets included within the Accused Product comes in two designs.

24.     The first bracket design ("Bracket Design 1") consists of two pairs of two rail-shaped brackets—one pair for use with framed cabinets and a second pair for use with frameless cabinets.

4

25.     Broan's installation guides depict Bracket Design 1 of the Accused Product as follows:



24.     The second bracket design ("Bracket Design 2") consists of two plate-shaped brackets.

25.     Broan's installation guides depict Bracket Design 2 of the Accused Product as follows:



26.     Broan possesses knowledge of the Asserted Patents.

27.     Broan cited the application that matured into the '507 Patent in connection with its own patent applications. Broan has also extensively litigated issues relating to the '507 Patent in litigation involving Broan's own patents. The '093 Patent and the '200 Patent are part of the same family as the '507 Patent.

28.     On information and belief, Broan possesses knowledge that the Accused Products infringe one or more claims of the Asserted Patents.

29.     On information and belief, Broan possesses knowledge that by selling and offering to sell the Accused Products to third parties (i.e., its customers and/or those using the Accused Products), Broan thereby induces those third parties to directly infringe one or more claims of the Asserted Patents through their use or sale of the Accused Products.

30.     On information and belief, Broan possesses knowledge that through its marketing and advertising, in connection with the offer for sale and sale of the Accused Products, Broan's sale of the Accused Products to third parties would result in direct infringement of one or more claims of the Asserted Patents and would constitute induced infringement of one or more claims of the Asserted Patents.  On information and belief, one or more of the third parties has engaged in the underlying act of direct infringement of one or more claims of the Asserted Patents through their use or sale of the Accused Products.

31.     On information and belief, Broan specifically intended for customers of the Accused Products to directly infringe one or more claims of the Asserted Patents through those customers' use or sale of the Accused Products and knew that such acts would constitute infringement of one or more claims of the Asserted Patents.

## COUNT I
### Infringement of the '507 Patent
### (35 USC § 271)
### (Bracket Design 1)

32.     Whirlpool repeats and realleges paragraphs 1 through 31 as if set forth herein.

33.     The '507 Patent was duly and legally issued on December 20, 2016.

34.     At all times, Whirlpool has possessed exclusive rights with respect to the '507 Patent, including the right to exclude Broan from practicing the '507 patent.

35.     The '507 Patent is valid, enforceable, and currently in full force and effect.

6

36.    Broan, without permission or license from Whirlpool, has unlawfully and wrongfully made, imported, used, sold or offered for sale, and is now making, importing, using, selling or offering for sale, including within this judicial district, Bracket Design 1 of the Accused Product.  Such conduct constitutes direct infringement under 35 U.S.C. § 271.

37.    Exemplary claim 1 of the '507 Patent recites the following:

1. A method of mounting a ventilation hood to an underside of a cabinet positioned along a real wall above a cooking appliance comprising:

securing first and second brackets to the underside of the cabinet at spaced positions, with each of the first and second brackets including a locator tab abutting the real wall and at least some support tab extending below the cabinet;

inserting each support tab into a respective slot provided in a top panel of the ventilation hood; and

shifting the ventilation hood rearward, causing portions of the top panel of the ventilation hood to be received within slits established between the support tabs and main body portions of the first and second brackets, wherein the ventilation hood is hung from the first and second brackets.

38.    Broan has both engaged in the method identified in claim 1 of the '507 Patent and induced consumers to engage in the method identified in claim 1 of the '507 Patent and has therefore infringed at least claim 1 of the '507 Patent.

39.    The Accused Product comprises first and second brackets, which Broan instructs users to secure to the underside of a cabinet at spaced positions.

40.    Each bracket within Bracket Design 1 of the Accused Product contains a locator tab, which, when installed, abuts the rear wall above a cooking appliance, and at least one support tab extending below the cabinet, as shown below:

7





41.     Broan directs users of Bracket Design 1 of the Accused Products to insert each support tab into a respective slot provided in a top panel of the ventilation hood, as shown below:



42.     Broan directs users of Bracket Design 1 of the Accused Products to shift the ventilation hood rearward, causing portions of the top panel of the ventilation hood to be received within slits established between the support tabs and main body portions of the first and second brackets, wherein the ventilation hood is hung from the first and second brackets.

43.     Through its design of and instructions regarding the Accused Products, Broan induces users to engage in a method of mounting a ventilation hood to an underside of a cabinet positioned along a real wall above a cooking appliance, as identified in claim 1 of the '507 Patent.

44.     Broan induces consumers to infringe under 35 U.S.C. § 271(b). Broan actively encourages its customers to infringe the '507 Patent by instructing users to use the Accused Products in a manner that infringes the '507 Patent. Broan is aware of the '507 Patent and knows that its customers' use of the Accused Products would cause infringement.

45.     In addition, Broan itself directly infringes at least claim 1 of the '507 Patent by practicing the claimed method.

46.     For example, Broan publishes videos showing Broan representatives engaging in a method of mounting a ventilation hood to an underside of a cabinet positioned along a rear wall

above a cooking appliance as identified in claim 1 of the '507 Patent, using the brackets identified herein as Bracket Design 1.

47.     In the below example, a Broan representative secures brackets matching Bracket Design 1 to the underside of the cabinet at spaced positions:



Broan Glacier BCSD1, BCSEK1, BCDF1 Single Blower Under-Cabinet Range Hood Installation

Broan-NuTone
4.97K subscribers

Subscribe

👍 6   👎   ↪ Share   ⬇ Download   ✂ Clip   ⋯

5.3K views  8 years ago
www.broan.com/captur
The Broan Captur™ exhaust ventilation system provides the fastest air flow management and filtration in its class for better performance, quieter operation and less energy use. Installation is simplified with the Broan Glacier BCSD1, BCSEK1, BCDF1 Single Blower Under-Cabinet Range Hood. The E21 system makes one-person installation safer, simpler and faster than traditional installation methods. ...more

*[Document continues on next page]*

48.     A Broan representative further inserts the support tabs of the brackets into the respective slots provided in the top panel of the ventilation hood:



Model shown for reference only.

Broan Glacier BCSD1, BCSEK1, BCDF1 Single Blower Under-Cabinet Range Hood Installation

Broan-NuTone
4.97K subscribers

Subscribe

5      Share      Download      Clip      ...

0.8K views  8 years ago
www.broan.com/captur
The Broan Captur™ exhaust ventilation system provides the fastest air flow management and filtration in its class for better performance, quieter operation and less energy use. Installation is simplified with the Broan Glacier BCSD1, BCSEK1, BCDF1 Single Blower Under-Cabinet Range Hood.  The EZ1 system makes one-person installation safer, simpler and faster than traditional installation methods. ...more

[*Document continues on next page*]

49.     The Broan representative then shifts the ventilation hood rearward, causing portions of the top panel of the ventilation hood to be received within slits established between the support tabs and main body portions of the first and second brackets, after which the ventilation hood is hung from the first and second brackets:



50.     On information and belief, Broan has derived, received, and will, unless restrained and/or enjoined, derive and receive from the aforesaid infringement of the '507 Patent, substantial gains, profits, and advantages, including gains, profits, and advantages from regular making and sales of infringing devices within this judicial district, in amounts to be proven at trial. Broan's actions have caused harm to Whirlpool, which will not be fully compensable by monetary damages.

51.     Broan's infringement has occurred with knowledge of the '507 Patent, and has been, and will therefore continue to be, willful and deliberate.

52.     Broan's past infringement has caused damage to Whirlpool and its future sales will result in additional such damage.

## COUNT II
### Infringement of the '093 Patent
### (35 USC § 271)
### (Bracket Design 1)

53.     Whirlpool repeats and realleges paragraphs 1 through 52 as if set forth herein.

54.     The '093 Patent was duly and legally issued on June 11, 2019. The '093 Patent is a divisional of the '507 Patent.

55.     At all times, Whirlpool has possessed exclusive rights with respect to the '093 Patent, including the right to exclude Broan from practicing the '093 patent.

56.     The '093 Patent is valid, enforceable, and currently in full force and effect.

57.     Broan, without permission or license from Whirlpool, has unlawfully and wrongfully made, imported, used, sold or offered for sale, and is now making, importing, using, selling or offering for sale, including within this judicial district, Bracket Design 1 of the Accused Product. Such conduct constitutes direct infringement under 35 U.S.C. § 271.

58.     Exemplary claim 1 of the '093 Patent recites the following:

1. A system for mounting a ventilation hood to an underside of a cabinet positioned along a real wall above a cooking appliance comprising:

first and second brackets configured to be mounted to the underside of the cabinet at spaced positions, each of the first and second brackets including a main body, a locator tab extending from the main body for abutting the real wall and at least one support tab extending from the main body through a respective connection section and defining, in combination with the main body, a slit, with the support tabs being configured to extend below the cabinet upon mounting the first and second brackets; and

a ventilation hood including a top panel provided with slots for receiving the support tabs in order to hang the ventilation hood from the first and second brackets with portions of the top panel being received in the slits.

13

59. Bracket Design 1 of the Accused Product infringes at least claim 1 of the '093 Patent.

60. The Accused Product is a system for mounting a ventilation hood to an underside cabinet positioned along a real wall above a cooking appliance.

61. The Accused Product comprises first and second brackets, which Broan instructs users to secure to the underside of a cabinet at spaced positions.

*[Document continues on next page]*

62.     The brackets comprising the Accused Product include a main body, a locator tab extending from the main body for abutting the rear wall and at least one support tab extending from the main body through a respective connection section and defining, in combination with the main body, a slit, with the support tabs being configured to extend below the cabinet upon mounting the first and second brackets, as shown below:





63.     The Accused Product's ventilation hoods include a top panel provided with slots for receiving the support tabs in order to hang the ventilation hood from the first and second brackets with portions of the top panel being received in the slits, as shown below:



64.     On information and belief, Broan has derived, received, and will, unless restrained and/or enjoined, derive and receive from the aforesaid infringement of the '093 Patent, substantial gains, profits, and advantages, including gains, profits, and advantages from regular making and sales of infringing devices within this judicial district, in amounts to be proven at trial. Broan's actions have caused harm to Whirlpool, which will not be fully compensable by monetary damages.

65.     In addition, Broan induces consumers to infringe under 35 U.S.C. § 271(b). Broan actively encourages its customers to infringe the '093 Patent by instructing users to use the Accused Products in a manner that infringes the '093 Patent. Broan is aware of the '093 Patent and knows that its customers' use of the Accused Products would cause infringement.

66.     Broan's infringement has occurred with knowledge of the '093 Patent, and has been, and will therefore continue to be, willful and deliberate.

67. Broan's past infringement has caused damage to Whirlpool and its future sales will result in additional such damage.

## COUNT III
### Infringement of the '200 Patent
### (35 USC § 271)

68. Whirlpool repeats and realleges paragraphs 1 through 67 as if set forth herein.

69. The '200 Patent was duly and legally issued on March 16, 2021. The '200 Patent is a continuation of the '507 Patent.

70. At all times, Whirlpool has possessed exclusive rights with respect to the '200 Patent, including the right to exclude Broan from practicing the '200 patent.

71. The '200 Patent is valid, enforceable, and currently in full force and effect.

72. Broan, without permission or license from Whirlpool, has unlawfully and wrongfully made, imported, used, sold or offered for sale, and is now making, importing, using, selling or offering for sale, including within this judicial district, the Accused Product. Such conduct constitutes direct infringement under 35 U.S.C. § 271.

73. Claim 11 of the '200 Patent recites the following:

11. A system for mounting a ventilation hood to an underside of a cabinet positioned along a real wall above a cooking appliance, the system comprising:

a first bracket configured to be mounted to the underside of the cabinet, wherein the first bracket includes distinct aligning and hanging structure, the aligning structure is configured to locate the first bracket vertically or laterally with respect to the underside of the cabinet, and the hanging structure includes a support tab establishing a ramp; and

a ventilation hood including a slot configured to receive the support tab to hang the ventilation hood from the first bracket, wherein the system is configured such that the ramp forces the ventilation hood upward to the underside of the cabinet upon hanging the ventilation hood from the first bracket.

74. The Accused Product infringes at least independent claim 11 of the 200    Patent.

17

75. The Accused Product is a system for mounting a ventilation hood to an underside of a cabinet positioned along a real wall above a cooking appliance.

76. The Accused Product comprises a first bracket configured to be mounted to the underside of the cabinet.

77. The Accused Product comprises a first bracket that includes a distinct aligning and hanging structure, as shown below as to each type of bracket included within Bracket Design 1 and Bracket Design 2, respectively:

Bracket Design 1



## Bracket Design 2



Hanging structure

Aligning structure



Hanging structure

Aligning structure

*[Document continues on next page]*

78.     The aligning structure of the first bracket of the Accused Product is configured to locate the first bracket vertically or laterally with respect to the underside of the cabinet, as shown below as to Bracket Design 1 and Bracket Design 2, respectively:

Bracket Design 1



❶ Align the corresponding bracket to the cabinet side, while placing rear end of bracket against the wall. Draw a line on the outer edge of the bracket (as shown).

❷ Slide the bracket towards the center of cabinet and align the outside edge of the bracket with the marked line, keeping the rear end edge leaning on the wall.

❸ Use a pencil to mark 3 holes.

❹ Remove the bracket. Using a 7/64" drill bit, drill 3 holes where marked.

❺ Assemble the bracket to the cabinet bottom using a Phillips screwdriver and 3 provided countersunk wood screws. Repeat for the other cabinet side.

[<em>Document continues on next page</em>]

Bracket Design 2



Locating the first bracket laterally

*[Document continues on next page]*

79.    The hanging structure of the first bracket of the Accused Product includes a support

tab establishing a ramp, as shown below as to Bracket Design 1 and Bracket Design 2, respectively:

<u>Bracket Design 1</u>



<u>Bracket Design 2</u>



80.    The Accused Product's ventilation hoods include a slot configured to receive the support tab to hang the ventilation hood from the first bracket, wherein the system is configured such that the ramp forces the ventilation hood upward to the underside of the cabinet upon hanging the ventilation hood from the first bracket, as shown below as to Bracket Design 1 and Bracket Design 2, respectively:

<u>Bracket Design 1</u>



[*Document continues on next page*]

Bracket Design 2



81.    On information and belief, Broan has derived, received, and will, unless restrained and/or enjoined, derive and receive from the aforesaid infringement of the '200 Patent, substantial gains, profits, and advantages, including gains, profits, and advantages from regular making and sales of infringing devices within this judicial district, in amounts to be proven at trial. Broan's actions have caused harm to Whirlpool, which will not be fully compensable by monetary damages.

82.    In addition, Broan induces consumers to infringe under 35 U.S.C. § 271(b). Broan actively encourages its customers to infringe the '200 Patent by instructing users to use the Accused Products in a manner that infringes the '200 Patent. Broan is aware of the '200 Patent and knows that its customers' use of the Accused Products would cause infringement.

83.    Broan's infringement has occurred with knowledge of the '200 Patent, and has been, and will therefore continue to be, willful and deliberate.

24

84. Broan's past infringement has caused damage to Whirlpool and its future sales will result in additional such damage.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff Whirlpool Corporation requests the following relief:

A. That judgment be entered in favor of Whirlpool and against Defendant Broan-Nutone LLC on Counts 1-3;

B. That judgment be entered that Broan's infringement has been willful;

C. That Broan and each of its officers, directors, agents, servants, employees and representatives, and those persons in active concert or participation with them or any of them, be permanently enjoined and restrained from directly or indirectly making or causing to be made, offering for sale, selling or causing to be sold, importing or causing to be imported, or using or causing to be used any product in accordance with or embodying any invention(s) set forth and claimed in the Asserted Patents;

D. That, in addition, Broan be ordered to pay to Whirlpool, pursuant to 35 U.S.C. § 284, such damages as have been sustained by Whirlpool as a result of said infringement by Broan up to the time of trial, but in no event less than a reasonable royalty for the use made of the inventions of the Asserted Patents by Broan, as well as treble damages for willful infringement under 35 U.S.C. § 284, together with interest and costs;

E. That Whirlpool recovers its reasonable attorneys' fees based upon a finding that the case is exceptional under 35 U.S.C. § 285;

F. A judgment and order requiring Broan to pay Whirlpool's attorney's fees and costs of this action; and

G. Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Whirlpool requests a jury trial on all issues so triable.

Dated: November 7, 2025

Respectfully Submitted,

/s/ *Jeffrey D. Harty*      .
Jeffrey D. Harty, AT0003357 (admitted member
of District Court of E.D. of WI)
Matthew A. McGuire, AT0011932 (*pro hac vice*
forthcoming)
NYEMASTER GOODE, P.C.
700 Walnut St., Suite 1300
Des Moines, IA 50309
Phone: (515) 283-8014
Email: jharty@nyemaster.com
     mmcguire@nyemaster.com

/s/ *Geoffrey J. Behr*
James F. Boyle, WI Bar No. 1019165
Michael T. Griggs, WI Bar No. 1046124
Goeffrey J. Behr, WI Bar No. 1119177
BOYLE FREDRICKSON S.C.
840 North Plankinton Avenue
Milwaukee, WI 53203
Phone: (414) 225-1662
Email: jfb@boylefred.com
     mtg@boylefred.com
gjb@boylefred.com
**ATTORNEYS FOR WHIRLPOOL
CORPORATION**

26